IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JANETTE M. WILKEN,

               Plaintiff,,                         CV-06-195-ST

      v.                                  OPINION AND ORDER

CASCADIA BEHAVIORAL HEALTHCARE,
INC., an Oregon non-profit corporation,

               Defendant.

STEWART, Magistrate Judge:

## **INTRODUCTION**

Plaintiff Janette Wilken alleges claims against her former employer, defendant Cascadia

Behavioral Healthcare, Inc., for unpaid wages and overtime, as well as claims for breach of

contract, sexual orientation and gender discrimination under Oregon state laws and an ordinance

of the City of Portland, sexual harassment and retaliation under Oregon state laws, common law

wrongful discharge, intentional infliction of emotional distress and negligence. Plaintiff now

moves the court for an order allowing the filing of an amended complaint (docket # 24). The

proposed amended complaint adds two claims for discrimination and harassment based upon gender under Title VII of the Civil Rights Act, 42 USC § 2000e-2(a).  For the reasons set forth below, plaintiff's motion is GRANTED.

## STANDARDS

Amendment of the complaint is governed by FRCP 15, which provides that, after a responsive pleading has been filed, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  However, amendment may be denied based on considerations of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, *etc*." *Foman v. Davis*, 371 US 178, 182 (1962).

## DISCUSSION

Defendant contends that adding two Title VII claims is futile because those claims were not timely filed with the Equal Employment Opportunity Commission ("EEOC").

## I.    Timely Filing

Title VII claims cannot be brought to federal court unless a complaint is first timely filed with the EEOC.  *EEOC v. Dinuba Med. Clinic*, 222 F3d 580, 585 (9th Cir 2000).  Generally, an individual who files a charge of discrimination with the EEOC must do so within 180 days of the alleged unlawful employment practice with one exception:  where proceedings have been filed with a state or local agency first, the time limit for filing with the EEOC is extended to 300 days. 42 USC § 2000 e-5(e).  "A claim is time-barred if it is not filed within these time limits." *Nat'l RR Passenger Corp. v. Morgan*, 536 US 101, 109 (2002).

Special considerations apply to Title VII charges filed more than 240 days after the alleged discrimination when a state or local agency has concurrent jurisdiction. Oregon has a state agency, Bureau of Labor and Industries ("BOLI"), with concurrent jurisdiction to grant relief from unlawful employment practices. Thus, a charge is not deemed to be filed with the EEOC "before the expiration of sixty days after proceedings have been commenced under . . . State or local law, unless such proceedings have been earlier terminated." 42 USC § 2000e-5(c). In light of that 60-day period, "a complainant must file a charge with the appropriate state or local agency, or have the EEOC refer the charge to that agency, within 240 days of the alleged discriminatory event in order to ensure that it may be filed with the EEOC within the 300-day limit." *EEOC v. Commercial Office Products,* Co., 486 US 107, 111 (1988), citing *Mohasco Corp. v. Silver,* 447 US 807 (1980). "If the complainant does not file within 240 days, the charge may still be timely filed with the EEOC if the state or local agency terminates its proceedings before 300 days." *Id* at 111-12.

A.    **Plaintiff's Filing**

Plaintiff was terminated from her employment on November 22, 2005. Therefore, the 180-day deadline for filing a complaint with the EEOC expired on May 22, 2006, and the 300-day extended deadline expired on September 18, 2006.

On March 10, 2006, plaintiff's attorney mailed a letter to the EEOC enclosing the initial intake questionnaire (the "Questionnaire") "for filing a claim with the EEOC" and a copy of her District Court complaint to the EEOC. The EEOC received this information on March 14, 2006. However, the Questionnaire was not complete because it did not include page 4, which asks the claimant to specify the type of discrimination alleged against the employer, or page 6, which

asks the EEOC to file the Questionnaire as a charge and contains the claimant's verification and signature.

During a conversation with an EEOC representative on March 16, 2006, plaintiff's counsel was informed that the EEOC had a doubtful basis for jurisdiction for a charge based on sexual orientation. Plaintiff's counsel responded that she would provide more information. That same day she faxed a letter to the EEOC enclosing a copy of a court opinion, asking the EEOC to review that opinion and either accept or deny the claim based on jurisdiction. However, the EEOC file does not contain that communication.

On September 14, 2006, after the 180-day deadline expired but before the 300-day extended deadline expired, plaintiff's counsel inquired as to the status of the EEOC investigation and learned that the EEOC did not begin processing the charge because it was waiting for additional information, including plaintiff's verification. On September 14, 2006, plaintiff's attorney faxed copies of the March 10, 2006 letter, together with the additional information that had been previously supplied to the EEOC. On September 18, 2006, the EEOC advised plaintiff's counsel that it docketed the inquiry as a charge of gender discrimination based upon the March 10 and September 14, 2006 submissions, but still did not have "page 6 of the Intake Questionnaire which should be signed by Ms. Wilken and the box checked that the Questionnaire

can be regarded as a charge."

Subsequently on September 20, 2006, after expiration of the 300-day deadline, plaintiff's counsel faxed page 6 of the Questionnaire to the EEOC containing plaintiff's signed verification.

It is unknown whether page 6 of the Questionnaire was misplaced by the EEOC or was not sent to the EEOC by plaintiff's counsel.

On September 21, 2006, the EEOC sent a notice of the charge to BOLI and to defendant. On September 26, 2006, the EEOC issued it Notice of Right to Sue to plaintiff.

**B.      Applicable Deadline**

Defendant first contends that plaintiff does not receive the benefit of the extended 300-day deadline because she never initiated proceedings with BOLI, but went directly to the EEOC. However, the 300-day extended EEOC filing period is not contingent upon initially instituting state proceedings within 180 days. *Wiltshire v. Standard Oil Co. of Cal.*, 652 F2d 837, 839-40 (9th Cir 1981), *cert denied*, 455 US 1034 (1982). Accordingly, the EEOC Questionnaire used in Oregon states on the first page:  "Charges of discrimination must be filed with the EEOC within 300 days of the last date of harm."

Relying upon *Mohasco*, defendant also argues that in a deferral state with a state agency such as BOLI, a plaintiff must file her complaint with the state agency within 240 days in order to allow 60 days for the state agency to conduct its investigation before the charge is properly transmitted to the EEOC.  If the complaint is filed with the state agency outside the 240 day time period (but within 300 days), defendant argues, than a plaintiff's right to seek relief  under Title VII will nonetheless be preserved if the state happens to complete its consideration of the charge prior to the end of the 300 day period.

However, defendant ignores the provisions of the work-sharing agreement between BOLI and the EEOC.  Under that work-sharing agreement, every complaint filed with the EEOC asserting claims under the common jurisdiction of the two agencies is automatically co-filed

with BOLI.  In addition, BOLI waives its 60-day right to process charges which allows the

EEOC to proceed immediately with the complaint.  Waiver of the 60-day right to process a

complaint terminates proceedings with BOLI.  *Commercial Office Products Co.*, 486 US at 121;

*also see EEOC v. Hacienda Hotel*, 881 F2d 1504, 1510 (9th Cir 1989) (state proceedings may be

"initially instituted" within the meaning of 42 USC § 2000e-5(e) notwithstanding the state's

advance waiver of initial charge-processing in a work-sharing agreement).  Consequently,

however paradoxical it may seem, a plaintiff initially institutes and terminates proceedings with

BOLI at the same time as filing a complaint with the EEOC, thereby triggering application of the

300-day deadline for filing a charge with the EEOC.  Accordingly, plaintiff timely filed her

EEOC complaint if it was filed within 300 days after defendant's alleged unlawful

discriminatory conduct, or by September 18, 2006.

  **C.**  **Legal Sufficiency of EEOC Complaint**

   Defendant also contends that plaintiff did not complete the filing of her charge with the

EEOC until after 300 days had elapsed when she did not submit page 6 of the Questionnaire with

the verification until September 20, 2006.  Plaintiff responds that her March 10, 2006,

submission constitutes a charge and was timely filed based on the "relation back" doctrine which

allows her to cure an earlier filed, but technically defective, charge of discrimination.

   The statute does not define what constitutes a "charge," but does require the complainant

to affirm or swear that the allegations in the charge are true.  42 USC §2000e-5(b).  Pertinent

EEOC regulations state that a charge "shall be in writing and shall be verified."  29 CFR

§ 1601.9.  In addition, each charge "should contain:" (1) the name, address and telephone

number of the complainant; (2) the name and address of the respondent; (3) a clear concise

statement of the facts, including dates, constituting the unlawful employment practice; (4) the approximate number of employees of the respondent, if known; and (5) a statement disclosing whether proceedings have been commenced with a state or local agency.  29 CFR §1601.12(a). Notwithstanding 29 CFR §1601.12(a), a charge is sufficient under the EEOC regulations when the EEOC receives from the person making the charge, "a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of."  29 CFR §1601.12(b).  A charge "may be amended to cure technical defects or omissions, including failure to verify the charge," and those amendments "relate back to the date the charge was first received."  29 CFR 1601.12(b).

On May 10, 2006, plaintiff submitted her Questionnaire which provided her name, address and phone number; a statement that "My charge is against a . . ..private employer" listing defendants name, address and telephone number; and a concise statement of factual allegations, including dates, in response to a question asking plaintiff to provide "reasons . . . you were given for the acts you consider discriminatory."  Plaintiff's counsel also submitted a copy of her federal court complaint providing more specific factual allegations regarding her claims of sexual discrimination and harassment, as well as claims of discrimination based upon sexual orientation.  The cover letter expressed plaintiff's clear intention that the materials submitted initiate a charge of discrimination with the EEOC.  If there were any defects in the sufficiency of the charge at that time, they were corrected through plaintiff's additional submissions on September 14 and 20, 2006.

There is no doubt that by September 18, 2006, the EEOC considered the information received on March 14, 2006, together with the supplemental information received on

September 14, 2006, as sufficient to constitute a charge for gender discrimination and harassment. However, it still needed page 6 of the Questionnaire with plaintiff's signature which was not submitted until after the filing deadline. The issue is what consequences flow from plaintiff's failure to timely verify her charge.

The fact that the verification was not signed by plaintiff and returned to the EEOC until September 20, 2006, is not fatal. The facts in this case are quite similar to those in *Cervantes v. Cal. State Univ. Sacramento*, 732 F2d 1441, 1444 (9th Cir 1984), holding that an employee satisfied Title VII's charge-filing requirement when he filed an unverified Intake Questionnaire with the EEOC within 300 days and then filed a verified formal charge after 300 days had passed. "We are thus led to the inescapable conclusion that the completed Intake Questionnaire, in the context of both the amendment procedures and the liberality to be ascribed to the procedural requirements, is sufficient to constitute a charge." *Id.*

*Edelman v. Lynchberg College*, 535 US 106, 114 (2002), compels a similar conclusion. In that case, a complainant's attorney submitted a letter (not verified by the complainant) to the EEOC charging discrimination within the 300 day filing period. After expiration of the 300 filing period, the plaintiff submitted a signed and verified charge of discrimination to the EEOC. The Fourth Circuit held that the statute foreclosed the EEOC relation-back regulation, reasoning that the statute requires verification of a charge and no verification was submitted to the EEOC limitations period. The Supreme Court reversed, holding that the EEOCs "relation back" regulation was valid and could permit amendments to cure technical defects, such as a failure to verify, even if the amendment occurred outside the limitations period.

Accordingly, this court concludes that plaintiff's submissions to the EEOC are legally

sufficient to constitute a charge of discrimination and were timely filed despite the belated

verification.

**ORDER**

For these reasons, plaintiffs Motion to File Amended Complaint (docket # 24) is

GRANTED and plaintiff shall file her Amended Complaint within 10 days.

DATED this 27th day of December, 2006.


/s/ Janice M. Stewart_____
Janice M. Stewart
United States Magistrate Judge

9 - OPINION AND ORDER