UNITED STATES DISTRICT COURT

DISTRICT OF OREGON


JANETTE M. WILKEN,                                      CV 06-195-ST

                    Plaintiff,

                                                        OPINION AND ORDER

        v.


CASCADIA BEHAVIORAL HEALTH
CARE, INC.,

                    Defendant.
_____

REDDEN, Judge:

        On August 10, 2007, Magistrate Judge Stewart issued her Findings and Recommendation

(doc. 127) in the above-mentioned case, recommending that the parties cross-motions for

summary judgment (doc. 70 & 73) be granted in part, and denied in part.  In addition, Magistrate

Judge Stewart recommended plaintiff's Eighth and Tenth Claims be dismissed.


PAGE 1 - OPINION AND ORDER

The matter is now before me pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(b) of the Federal Rules of Civil Procedure. The magistrate judge only makes recommendations to the district court, and any party may file written objections to those recommendations. When a party timely objects to any portion of the magistrate's judge's Findings and Recommendation, the district court must conduct a *de novo* review of the portions of the Findings and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(C); McDonnell Douglas Corp. v. Commodore Business Machines, 656 F.2d 1309, 1313 (9th Cir. 1981), cert. denied, 455 U.S. 920 (1982). The district court is not required to review the factual and legal conclusions of the magistrate judge, to which the parties do not object. Thomas v. Arn, 474 U.S. 140, 149 (1985); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003).

Plaintiff timely filed objections to Magistrate Judge Stewart's Findings and Recommendation concerning state law penalties for overtime wage violations. I have, therefore, given that portion of the Findings and Recommendation a *de novo* review. I agree with Magistrate Judge Stewart's analysis and conclusions. None of the cases relied on by plaintiff stand for the proposition that an employee can recover serial 30-day penalties for overtime violations of ORS 653.261. The only case plaintiff cites that allowed for separate 30-day penalties involved penalties for separate violations of *two different statutes*. The other case to which plaintiff cites involved unlawful deductions from an employee pension contributions program, not overtime violations. Finally, the plain language of the penalty statute makes clear that an employer who willfully fails to pay wages is liable for a single 30-day penalty upon the employee's termination. Plaintiff's interpretation of the statute conflicts with the text of the statute, and would render the last sentence of the statute superfluous. Accordingly, I ADOPT

PAGE 2 - OPINION AND ORDER

Magistrate Judge Stewart's Findings and Recommendation as my own opinion.

IT IS SO ORDERED.

DATED this __5th__ day of October, 2007.

/s/ James A. Redden
James A. Redden
Senior United States District Judge

PAGE 3 - OPINION AND ORDER