**David G. Hosenpud**, OSB No. 83241
hosenpudd@lanepowell.com
**Leah C. Lively**, OSB No. 96241
livelyl@lanepowell.com
**LANE POWELL PC**
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone: 503.778.2100
Facsimile: 503.778.2200

Attorneys for Defendant Cascadia Behavioral Healthcare, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **JANETTE M. WILKEN,**<br><br>Plaintiff,<br><br>v.<br><br>**CASCADIA BEHAVIORAL HEALTHCARE, INC.**, an Oregon non-profit corporation,<br><br>Defendant. | No. 06-CV-195-HA<br><br>Defendant Cascadia Behavioral Healthcare, Inc.'s<br>**RESPONSE TO PLAINTIFF'S MOTIONS IN LIMINE** |

## I. INTRODUCTION

The fundamental basis for plaintiff's wrongful discharge and retaliation claims is that she engaged in protected conduct when she complained about "rules" allegedly imposed on her by Cascadia. *See* Pretrial Order, Claim Three (E). Cascadia's restrictions, however, were imposed because plaintiff and her partner Padilla engaged in sexual conduct at work. Plaintiff cannot now say that this conduct, which she denied when questioned about—is irrelevant to her claims or unduly prejudicial. Plaintiff's sexual conduct at work weighs directly on whether she engaged in

PAGE 1 -    RESPONSE TO PLAINTIFF'S MOTIONS IN LIMINE

protected activity (i.e., believed in good faith she had been discriminated against). Plaintiff's activities also are relevant to her claims that she worked overtime during the week she had her after-hours workplace tryst.

Excluding evidence that plaintiff engaged in the very type of conduct for which she was admonished, and now claims as the basis for her protected conduct, would be a substantial injustice to Cascadia's legitimate defenses in this matter. Plaintiff's Motion in Limine to exclude evidence of her sexual acts at the workplace should be denied.

## II. LEGAL ANALYSIS

**A. The Testimony And Evidence Sought To Be Excluded Are Not Incidents That Occurred "In A Private Setting" – They Occurred At Work.**

Plaintiff asserts that the two incidents she seeks to exclude are irrelevant and inadmissible because they took place in a private setting or when others were not present. (Plaintiff's Motion in Limine, p. 8). This allegation is disingenuous at best. Both incidents—plaintiff and Padilla hugging and kissing in the bathroom and plaintiff and Padilla engaging in oral sex in a cubicle—occurred at Cascadia's work premises. Moreover, the notebook that contains a detailed explanation of the second incident was a notebook that plaintiff and Padilla wrote in and passed back and forth to each other at work.

**B. Evidence Of Plaintiff's Sexual Conduct At Work Is Highly Relevant To Cascadia's Defense To Plaintiff's Claims Of Retaliation, Wrongful Discharge, And Discrimination.**

During her employment with Cascadia, plaintiff and Padilla engaged in inappropriate sexual conduct at work. Cascadia employees observed plaintiff and Padilla engage in sexual conduct in and around the workplace. (Lively Decl. Ex. 2, Garvey Dep. at 48:12-17, 48:22-49, 49:7-13; 50:11-17; Ex. 1, Hebert Dep. at 41:14-24, 42:18-43:10, 18:23-19:7, 19:25-20:19; Ex. 3, Deposition of Sonya Kassen at 63:15-64:10.) Co-workers saw plaintiff and Padilla holding hands, hugging, and kissing in the workplace. (Ex. 1, Hebert Dep. at 41:14-24; Ex. 2, Garvey Dep. at 48:12-17, 48:22-49:1.)

PAGE 2 - RESPONSE TO PLAINTIFF'S MOTIONS IN LIMINE

On or around March 23, 2005, a co-worker of plaintiff's, Sonya Kassen, reported to plaintiff's supervisor, Juli Garvey, that Kassen saw plaintiff and Padilla hugging and kissing on work premises. (Ex. 2, Garvey Dep. at 45:19-46:25, 56:9-12.) Around the same time Padilla's supervisor, Audrey Woods, approached Garvey with concern over an incident where another employee had come into work at 7:00 a.m. and found plaintiff and Padilla alone behind locked office doors engaging in what appeared to be oral sex. (*Id.* at 55:14-56:5; Lively Decl. Ex. 4.) Based on these reports, Garvey met with Human Resources Manager Janet Timme to discuss professionalism in the workplace. (Ex. 2, Garvey Dep. at 59:11-25.) Garvey relayed the complaint of hugging and kissing in the workplace and Woods' concern over the locked-door incident. (*Id.* at 61:14-17.) Timme informed Garvey that hugging and kissing between co-workers was not professional conduct and should not be tolerated. (*Id.* at 62:8-15.)

On March 30, 2005, Garvey and Woods met with plaintiff and Padilla to discuss their unprofessional conduct in the workplace. Garvey told them that some of the other employees at Cascadia had reported feeling uncomfortable with plaintiff's and Padilla's physical conduct in the workplace. (Ex. 5, Janette Wilken Dep. at 75:17-21; Ex. 2, Garvey Dep. at 64:16-22.) Woods discussed professional behavior in the workplace and that physical contact, such as hugging and kissing, was not appropriate. (Ex. 2, Garvey Dep. at 65:9-20.)

Plaintiff denied having engaged in inappropriate sexual conduct during the meeting with Garvey and Woods. (Ex. 5, Wilken Dep. at 79:3-9.) Plaintiff also denied engaging in such conduct when questioned about it the next day by Timme. (Ex. 6, Volume II Janette Wilken Dep. at 60:19-23.) At first, plaintiff initially denied hugging or kissing Padilla in the workplace during her deposition—significantly, because she knew such conduct was against Cascadia's Professionalism Policy:

> Q. Did you ever hug or kiss Ms. Padilla on Cascadia's work premises?
>
> A: Not that I recall.

PAGE 3 - RESPONSE TO PLAINTIFF'S MOTIONS IN LIMINE

> Q: Does that mean it may have happened and you just don't remember, or you don't think it did happen?
>
> A: I don't think it did happen. We were very careful about taking it outside.
>
> Q: Why were you very careful about taking it outside?
>
> A: Because of Cascadia's professional[ism] policy.

(Ex. 5, Wilken Dep. at 62:6-15.)

It was not until confronted with her own journal[1] entries—the very entries which plaintiff now seeks to exclude—that plaintiff admitted to engaging in the exact type of conduct for which she had been admonished. Plaintiff's journal entries state: "I was really glad that we had to 'work' late. I think we proved that it is possible to hide in 3" of the wall space. You were very well tucked in that 3" with your 'pearl' exposed. And oh, how I enjoy moving your 'pearl' around. Maybe next time you can sit in your chair."[2] (Ex. 7; Ex. 8.)

The relevance and import of these journal entries to Cascadia's defense cannot be understated. The sexual conduct described in the entries (and the bathroom incident) corroborates the conduct that plaintiff's co-workers complained to Cascadia about, and which lead to Cascadia's imposition of alleged "rules." Furthermore, the reference "three inches of wall space" is a direct reference to a "rule" which plaintiff claims was discriminatorily imposed on her and form the basis for her alleged protected conduct (Ex. 5, Wilken Dep. at 236:20-237:20); protected conduct which Cascadia denies occurred.

---

[1] Of note, plaintiff did not produce the journal entries (despite a relevant request) prior to her first deposition, despite a relevant and timely request for production.
[2] Plaintiff admits "pearl" is a reference to Padilla's clitoris. (Ex. 5, Wilken Dep. at 260:22-261:5.) Plaintiff also admits that she spread Padilla's legs while in Padilla's cubicle during this workplace incident and fondled her vaginal area. (*Id*. at 261:12-20.)

PAGE 4 -  RESPONSE TO PLAINTIFF'S MOTIONS IN LIMINE

1. **Evidence of plaintiff's sexual conduct at work is relevant to whether she engaged in protected conduct by making a good faith complaint of discrimination.**

Internal reporting procedures advanced in furtherance of the goals of Title VII are protected under the statute. *See Pipkins v. City of Temple Terrace*, 267 F.3d 1197, 1201 (11th Cir. 2001). Reports, however, must involve a good faith belief of unlawful discrimination. *See Tipton v. Canadian Imperial Bank of Commerce*, 872 F.2d 1491, 1494 (11th Cir. 1989). The test has both a subjective and objective component. *Harper v. Blockbuster Ent't Corp.*, 139 F.3d 1385, 1388 (11th Cir. 1998). However, it is insufficient for a plaintiff "to allege his belief in this regard was honest and bona fide; the allegations and record must also indicate that the belief, though perhaps mistaken, was objectively reasonable." *Harper v. Blockbuster Entertainment Corp.*, 139 F.3d 1385, 1388 (11th Cir. 1998). In determining the objective reasonableness of a complaint of discrimination, a plaintiff is charged with substantive knowledge of the law. *Id.* at n. 2.

Plaintiff's own testimony is that she knew hugging and kissing at the workplace was inappropriate and that it violated Cascadia's Professionalism Policy.[3] Thus, Cascadia disputes that plaintiff engaged in protected conduct (i.e., that she had a good faith belief that the "rules" imposed against her or violating the Professionalism Policy were discriminatory).

---

[3] It is well settled that an employer has the right to set reasonable workplace polices and that enforcement of those policies is a legitimate nondiscriminatory reason for taking action against an employee. "Employers have the right to establish reasonable policies to govern the conduct of employees, and, if the policies are not arbitrary, unreasonable, or capricious, employees must comply with them as a condition of employment." *Quarles v. North Mississippi Retardation Center*, 455 F. Supp. 52, 57 (N.D. Miss. 1978); *see also Mannikko v. Harrah's Reno, Inc.*, 630 F. Supp. 191, 195 (D. Nev. 1986) (employer had right to maintain reasonable grooming standard for employees). Violation of the employer's policies constitutes a legitimate non-discriminatory reason for disciplining an employee. *Bodett v. Coxcom, Inc.*, 366 F.3d 736, 744 (9th Cir. 2004) (violation of company harassment policy legitimate reason for discharge); *Twymon v. Wells Fargo & Co.*, 462 F.3d 925, 934-35 (8th Cir. 2006) (violation of computer usage policy legitimate reason for discharge); *Speed v. Adidas America, Inc.*, 2006 WL 897978, *5 (D. Or. April 6, 2006) (plaintiff's termination for absenteeism and failure to follow attendance policy was legitimate).

PAGE 5 - RESPONSE TO PLAINTIFF'S MOTIONS IN LIMINE

Plaintiff's argument that the sexual conduct is not relevant because it was unseen by others is a red herring. It is not the situation where, as in *Norris v. City and County of San Francisco*, 900 F2d 1326 (9th Cir. 1990), defendant is attempting to support its reasons for termination with conduct that was unknown to it at the time. Cascadia is not claiming plaintiff was terminated because she had sex at work. What Cascadia is claiming is that plaintiff could not have objectively believed Cascadia was unfairly imposing rules against her when those rules were imposed to eradicate the exact type plaintiff engaged in at work and which is identified in plaintiff's journal entries. Moreover, the evidence at issue corroborates the complaints that plaintiff's co-workers reported to management. This evidence discredits plaintiff's allegations that Cascadia acted with discriminatory or retaliatory motivation when it terminated her.

To support its defense that plaintiff did not engage in protected conduct, it is imperative that Cascadia be allowed to show that plaintiff engaged in the type of conduct for which the "rules" were imposed. Such evidence is relevant and admissible, and would be unduly prejudicial against Cascadia if excluded.

### 2. Evidence of plaintiff's sexual conduct at work is also relevant to disputing plaintiff's estimate of her overtime wages.

Evidence of plaintiff's conduct after work hours is relevant to Cascadia's ability to counter plaintiff's claim for the number of overtime hours she actually worked. Plaintiff's own journals belie her credibility on the number of overtime hours she allegedly worked. In one of her journal entries plaintiff writes: "I was really glad that we had to 'work' late. I think we proved that it is possible to hide in 3" of the wall space." Cascadia should be allowed to cross examine on what plaintiff is including as "work" time.

Plaintiff's work day was generally from 7:00 a.m. to 5:30 p.m. (Ex. 5, Wilken Dep. 179:15-21.) Plaintiff was not required to remain at the office after these hours; if plaintiff stayed at work after hours, it was her choice to do so. Cascadia is not required to pay plaintiff for hours she remained at work and engaged in sexual activity instead of working. Therefore, Cascadia is

PAGE 6 - RESPONSE TO PLAINTIFF'S MOTIONS IN LIMINE

entitled to present evidence of such activity to attack plaintiff's estimate of the number of hours she worked.

In a wage claim where the employer does not have records of the exact number of hours an employee worked, the employee has the burden of producing evidence of the number of hours she worked to a reasonable inference. The burden then shifts to the employer to produce evidence to negate the employee's claims. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88, 66 S. Ct. 1187, 90 L. Ed. 1515 (1946), *overruled on other grounds* ("The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence."); *see also Brock v. Seto*, 790 F.2d 1446, 1448 (9th Cir. 1986) (citing *Mt. Clemens*).

Plaintiff's notes describing the activities she engaged in at work after hours are directly relevant to countering plaintiff's claims for the number of hours she worked. The notes plaintiff seeks to exclude are dated June 21, 2005. This is one of the weeks for which plaintiff is claiming she worked overtime. (Lively Decl., Ex. 9, p. 10, week 26.) Because the notes are relevant to establishing the number of hours plaintiff actually worked, they should be admitted, and plaintiff's Motion in Limine should be denied.

**3. Plaintiff's Journal Entries and Her "Private Moment" in the Restroom Are Admissible to To Resolve Her Own Internal Inconsistencies.**

Evidence of a witness's recorded statement is highly probative to the issue of the witness's veracity when it addresses internal contradictions made by the witness. *United States v. Kizeart*, 102 F.3d 320, 325 (1996). Here, plaintiff has internally contradicted herself, and evidence to flush out those contradictions is appropriate. Plaintiff denied hugging or kissing in the workplace to her manager and to Cascadia's Human Resources Manager. However, her notes to Padilla—which were made contemporaneously with her actions in the workplace—and

PAGE 7 - RESPONSE TO PLAINTIFF'S MOTIONS IN LIMINE

her deposition admission of hugging and kissing in the bathroom are probative of the veracity of her internally inconsistent testimony. Such evidence should be admitted at trial.

> **4. The highly probative value of plaintiff's sexual conduct at the workplace is not substantially outweighed by prejudice to her.**

"Rule 403 is to be very sparingly used for the purpose of ruling out otherwise relevant evidence." *Ebanks v. Great Lakes Dredge & Dock*, 688 F2d 716, 722-723 (11th Cir. 1982).

> As stated by Weinstein: Since the trial judge is granted such a powerful tool by Rule 403, he must take special care to use it sparingly.... If there is doubt about the existence of unfair prejudice, confusion of issues, misleading, undue delay or waste of time, it is generally better practice to admit the evidence taking necessary precautions by way of contemporaneous instructions to the jury followed by additional admonition in the charge....

*Id.*, *quoting* Vol. I, Weinstein & Burger, Weinstein's Evidence, s 403(01). Here, plaintiff has put her conduct directly at issue by alleging that she engaged in protected conduct when she complained about the "rules" allegedly imposed on her. She cannot make these allegations and at the same time state that evidence of her own conduct, which corroborates the very co-worker complaints that lead to these rules, is too prejudicial to be admitted at trial. This conclusion is especially true where, as here, Cascadia anticipates offering testimony of plaintiff's co-workers who witnessed her sexual conduct at work.

**C. The Evidence Sought to Be Excluded Is Not Improper Character Evidence Under Fed. R. Evid. 404 or 608.**

Fed. R. Evid. 404 provides that while limited in certain circumstances, evidence of other wrongs or acts is admissible for purposes of establishing "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). Here, Cascadia will offer plaintiff's workplace conduct to dispute that her complaints of discrimination were made in good faith and for the other reasons set forth above. Thus, Cascadia is offering the evidence for permissible purposes of motive and intent.

112608.0080/716696.1

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

Similarly, the evidence is not being offered for purposes of attacking plaintiff's "character for truthfulness" as precluded by Fed. R. Evid 608. Cascadia is not attempting to show plaintiff is a liar in general as Rule 608 contemplates.[4] Cascadia seeks to offer the evidence to dispute whether plaintiff engaged in protected conduct (i.e., made a good faith report of discrimination when she was engaging in the very conduct for which she was allegedly admonished), worked overtime for which she claims she is owed, and to corroborate witnesses who saw and reported plaintiff engaging in sexual conduct at work. These are permissible reasons to admit evidence of plaintiff's workplace sexual conduct.[5] Plaintiff's Motion in Limine should be denied.

### D. Cascadia May Introduce Evidence of Plaintiff's Sexual Conduct in the Workplace to Test Her Credibility

Because civil rights litigation turns on the intent of the parties, jury decisions often boil down to issues of credibility. Plaintiff has put her credibility at issue by denying she engaged in sexual conduct at work when questioned by her manager and Human Resources Manager, and when questioned during her deposition. Pursuant to Fed. R. Evid. 607, Cascadia is entitled to test plaintiff's credibility. Fed. R. Evid. 607 states "The credibility of a witness may be attacked by any party[.]" "To challenge the veracity of a witness by *** other evidence or by other means adduced for the express purpose of proving that a witness is unworthy of belief, is a proper method of impeachment." *Shushereba v. R.B. Industries*, 104 FRD 524, 532 (1985).

---

[4] The evidence is admissible even if Cascadia sought to it to show plaintiff lied on the two occasions when she told her manager and Human Resources that she had not engaged in sexual conduct at work. "Evidence of an extraneous offense is admissible when it corroborates [a specific offense], otherwise than by simply imputing to the defendant a general disposition to commit offenses of that type." *U.S. v. Pittman*, 439 F2d 906, 909 (5th Cir. 1971).

[5] At a minimum, Cascadia should be allowed to impeach plaintiff on her denials to management that she engaged in sexual conduct at the workplace. *See U.S. v. Gay*, 967 322, 328 (9th Cir. 1992) ("Federal Rule of Evidence 404 restricts the use of evidence solely for purposes of demonstrating a criminal proclivity. It does not proscribe the use of other act evidence as an impeachment tool during cross-examination. We thus agree with the Fourth Circuit that 404(b) evidence may be used for impeachment purposes.") "Federal Rule of Evidence 608(b), moreover, specifically contemplates inquiries into prior behavior in order to challenge a witness's credibility." *Id.*

PAGE 9 -   RESPONSE TO PLAINTIFF'S MOTIONS IN LIMINE

Further, as discussed above, Fed R. Evid. 404(b) does not require a contrary result. The rule "permits evidence of prior bad acts to be introduced for other purposes. For example, such evidence may be used in 'an attempt to impeach the accused as a witness.'" *U.S. v. Brawner*, 32 F.3d 602 (D.C. Cir. 1994), citing *United States v. Bell*, 506 F.2d 207, 213 (D.C. Cir. 1974). "The use of prior acts evidence therefore depends upon a distinction that although subtle has nonetheless long been recognized in our law: the jury may infer from such evidence that the defendant has a 'bad character' and is therefore not a credible witness, but not that the defendant has a 'bad character' and therefore committed the crime with which he is charged." *Id.*

For example, in *Lovejoy-Wilson v. Noco Motor Fuels, Inc.*, 242 F.Supp.2d 236 (W.D.N.Y. 2003), the court held that although evidence that employee brought claim of discrimination against previous employer was not admissible in ADA action against later employer as substantive proof of conduct in conformity therewith, such evidence could, upon appropriate showing, be introduced for other purposes, including proof of intent or to challenge a witness's credibility on cross-examination. In this case, the issue is not whether plaintiff engaged in sexual conduct at work—it is whether she was untruthful about such conduct and whether her complaints of discrimination were made in good faith. Therefore, the evidence is relevant to challenging plaintiff's credibility.

### E. Fed. R. Evid. 412 Is Inapplicable Because Plaintiff Is Not The Victim Of Alleged Sexual Misconduct.

The Advisory note to Fed. R. Evid. 412 states, in pertinent part:

> *Rule 412 does not, however, apply unless the person against whom the evidence is offered can reasonably be characterized as a "victim of alleged sexual misconduct."* When this is not the case, as for instance in a defamation action involving statements concerning sexual misconduct in which the evidence is offered to show that the alleged defamatory statements were true or did not damage the plaintiff's reputation, neither Rule 404 nor this rule will operate to bar the evidence; Rule 401 and 403 will continue to control. *Rule 412 will, however, apply in a Title VII action in which the plaintiff has alleged sexual harassment*.

PAGE 10 - RESPONSE TO PLAINTIFF'S MOTIONS IN LIMINE

Fed R. Civ. P. 412, Advisory Notes. (Emphasis added.) Plaintiff's claim for sexual harassment was dismissed at summary judgment. (*See* Findings and Recommendations, p. 44). Plaintiff, therefore, does not have a claim of sexual misconduct and Fed. R. Evid. 412 is inapplicable.

Even if Fed. R. Evid. 412 were applicable, plaintiff's sexual conduct at the workplace would be admissible. Rule 412(2) states "In a civil case, evidence offered to prove the sexual behavior or sexual predisposition of any alleged victim is admissible if it is otherwise admissible under these rules and its probative value substantially outweighs the danger of harm to any victim and of unfair prejudice to any party." As set forth above, plaintiff's workplace sexual conduct is admissible as relevant evidence under Fed. R. Evid 401 and its probative value—which goes to the heart of Cascadia's defenses—is not substantially outweighed by any prejudicial effect on plaintiff. Plaintiff's Motion in Limine should be denied.

**F.  Plaintiff's Unclean Hands Are Relevant To The Remedies Available To Her, Including Reinstatement.**

Principles of equity must be considered in determining what relief is appropriate to a plaintiff is a civil rights case. *See St. John v. Employment Development Department*, 642 F2d 273, 275 (9th Cir. 1981). A plaintiff's misconduct at work, even where unknown to the employer at the time, is placed at issue when she seeks reinstatement as an equitable remedy, as reinstatement may not, under those circumstances, be an appropriate remedy. *Id.* Because plaintiff here seeks reinstatement as a remedy, her misconduct is at issue and should be admitted as evidence at trial. Plaintiff's Motion in Limine should be denied.

**G.  Cascadia Agrees to Withdraw its Sixth Affirmative Defense As to Claim Five (Plaintiff's Seventh Claim for Relief)**

Cascadia agrees to not the raise affirmative defenses of "waiver, estoppel, ratification, acquiescence, accord and satisfaction, settlement, consent, agreement, payment and release" as set forth in subsection (6) of its defenses to Claim 5. Cascadia does not understand plaintiff's Motion in Limine to be precluding it from otherwise disputing the number of hours plaintiff

PAGE 11 - RESPONSE TO PLAINTIFF'S MOTIONS IN LIMINE

worked. Should this be the case, Cascadia seeks clarification of Plaintiff's Motion in Limine and an opportunity to respond.

### III. CONCLUSION

For the above stated reasons, plaintiff's Motion in Limine to preclude Cascadia from offering evidence at trial of evidence related to plaintiff's sexual conduct at work should be denied.

DATED: June 23, 2008

                LANE POWELL PC

                By  s/ Leah C. Lively
                    David G. Hosenpud, OSB No. 83241
                    Leah C. Lively, OSB No. 96241
                    Telephone: 503.778.2100
                Attorneys for Defendant Cascadia Behavioral Healthcare, Inc.

PAGE 12 - RESPONSE TO PLAINTIFF'S MOTIONS IN LIMINE

112608.0080/716696.1

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200