UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


JANETTE M. WILKEN, an individual,

    Plaintiff,                          Civil No. 06-195-HA

    v.                                    O R D E R

CASCADE BEHAVIORAL
HEALTHCARE, INC., an Oregon
non-profit organization,

    Defendant.

---

HAGGERTY, Chief Judge:

    This Order addresses the parties' motions in limine that were argued in court on July 7, 2008. Following rulings upon the parties' partial summary judgment motions, a Pretrial Order was lodged on February 4, 2008, and the case was reassigned to this court for trial.

    Plaintiff became an employee of defendant in 2002 when defendant acquired her prior employer. Defendant terminated plaintiff on November 22, 2005. On January 3, 2007, plaintiff filed an Amended

Complaint against defendant alleging federal and state claims for gender discrimination, retaliation and harassment, unlawful discrimination under Portland City Code 23.01.050; common law wrongful discharge; and a federal wage claim. An aspect of plaintiff's claims includes allegations that her personal relationship with another female co-worker, Beverly Padilla, was a substantial reason for her termination. Plaintiff alleged in her Amended Complaint that she "never engaged in inappropriate personal contact with Ms. Padilla in the work place, nor engaged in contact with anyone that was disruptive or in violation of the Personnel Policy Manual." Amended Complaint at Para. 10.

Plaintiff and Padilla met with supervisors on March 30, 2005, to discuss concerns about their office behavior. Rules were established about appropriate office behavior. Plaintiff and Padilla subsequently pursued complaints asserting that they were being singled out unfairly. They complained several times before plaintiff was terminated in November 2005. Other details regarding this litigation will be addressed as necessary in the resolution of the parties' motions in limine.

PLAINTIFF'S MOTIONS IN LIMINE

**1. To exclude all evidence regarding defendant's affirmative defenses to plaintiff's Seventh Claim for regular and overtime wages.**

This motion is granted. Defendant represents that it will "not the raise affirmative defenses of "waiver, estoppel, ratification, acquiescence, accord and satisfaction, settlement, consent, agreement, payment and release" in response to plaintiff's Seventh Claim. Nevertheless, defendant may otherwise dispute the number of hours for which plaintiff is entitled to compensation for working.

**2. To exclude defendant from offering any evidence related to plaintiff's alleged lesbian sexual contact unknown to defendant prior to termination and not in the presence of others.**

This motion is denied. Defendant will be permitted to offer evidence regarding the extent of sexual behavior that occurred at defendant's place of business between plaintiff and Beverly Padilla, including evidence derived from plaintiff's journal. Such evidence is relevant to determining the merits of plaintiff's assertions that her act of complaining about "rules" imposed on her by defendant should be construed as "protected activity" because her office conduct did not warrant the rules' imposition. *See, e.g.,* Pretrial Order, Claim Three (E).

Plaintiff's primary basis for the contention that this evidence should be excluded is that the evidence would be unfairly prejudicial. This court disagrees.

There is no challenge from plaintiff regarding other allegations that will be before the jury that assert plaintiff and her partner Padilla engaged in sexual conduct at work. At oral argument, plaintiff's counsel narrowed the focus of his motion upon two incidents. These two incidents are somewhat more graphic than other related evidence, but – in light of that other admissible evidence – they are not unfairly prejudicial. The evidence is undeniably relevant, and would also appear to be admissible to impeach plaintiff were she to maintain prior denials of conducting such behavior in the workplace. Furthermore, the challenged evidence contains references by plaintiff to "three inches of wall space," which is related to guidelines that were a subject of plaintiff's complaints.

In light of this court's decision that this evidence is admissible, counsel for plaintiff may elect to draft proposed limiting instructions to accompany the presentation of this evidence. The court will consider such proposed instructions if filed with other trial documents in advance of this action's second Pretrial Conference on January 26, 2009.

DEFENDANT'S MOTIONS IN LIMINE

**1.      To Exclude Claim and Testimony Regarding Missed Meal and Rest Breaks**.

Plaintiff does not oppose this motion and it is granted.

**2.     To Exclude Evidence of Liability Insurance.**

Defendant argues that plaintiff should not be permitted to present evidence that defendant has insurance coverage. This court agrees. Plaintiff may seek to revisit this ruling at trial, upon advancing a valid purpose for admitting such evidence.

**3.     To Exclude Statements of Belief.**

Defendant argues correctly that plaintiff should not be permitted to present statements that are no more than improper opinion evidence – conclusory opinions that the defendant's actions were discriminatory or retaliatory. This motion is granted.

**4.     To Exclude "Me Too" Evidence.**

Defendant argues that plaintiff should not be permitted to present evidence from Padilla or other co-workers asserting that they too were treated poorly or illegally by defendant. Plaintiff's opposition to this motion is grounded in an assertion that in prior rulings in this case, Magistrate Judge Stewart has already considered evidence of Padilla's treatment. Plaintiff relies upon this passage from the Findings and Recommendation issued by Magistrate Judge Stewart on August 10, 2007:

> Similarly in this case, Wilken and Padilla both worked for Cascadia and lived together. All of the complaints, whether made by Padilla, Wilken or both, concern the same subject matter, namely the imposition of discriminatory rules on the two women which were not imposed on others. Further, all of Padilla's complaints allegedly concerned *either conduct directed at Wilken or discrimination against Wilken as part of an unlawful motive*. Cascadia had every reason to believe that Wilken and Padilla were acting jointly and assisting each other.

Findings and Recommendations of August 10, 2007 at 51 (emphasis added).

After examining the Findings and Recommendation, other rulings, and the parties' arguments, this court concludes that evidence about Padilla's complaints regarding conduct directed at plaintiff or

4 -- ORDER

defendant's treatment of plaintiff is admissible. However, the motion is granted in part to the extent that evidence regarding how Padilla (or any other co-worker) was treated that is unrelated to plaintiff's conduct and treatment shall be excluded.

5.   **To Exclude Evidence of Dismissed Claims or Other Bad Acts.**

Defendant argues that plaintiff should not be permitted to present evidence regarding defendant's alleged misconduct from co-workers or other representatives of defendant against plaintiff including alleged "cold shoulder" treatments, stray remarks by co-workers, alleged verbal attacks, and actions allegedly creating a hostile work environment.

While mere stray remarks by co-workers who lacked decision-making power shall be excluded, this motion is denied in part. Evidence that tends to suggest a possible degree of bias or animosity on the part of defendant's decision-making personnel will be admitted. Counsel for defendant may elect to draft proposed limiting instructions to accompany the presentation of this evidence. The court will consider such proposed instructions if filed with other trial documents in advance of this action's second Pretrial Conference on January 26, 2009.

6.   **To Exclude Claim for Reinstatement.**

Defendant argues that plaintiff should not be permitted to present evidence regarding a claim for reinstatement because she did not seek this remedy until she filed her Pretrial Order. This court agrees. Defendant was given insufficient notice that plaintiff sought reinstatement. Defendant did not question her on such relief at her deposition or otherwise have an opportunity to prepare to try this claim. Plaintiff's attempt to add this claim for relief now is barred by Fed. R. Civ. P. 15(b) because defendant would be unfairly prejudiced by such an amendment.

7.   **To Exclude Evidence of Post-Termination Staff Reorganization.**

Defendant argues that plaintiff should not be permitted to present evidence of incidents that occurred after plaintiff was terminated and which have no bearing on how she was treated while employed by defendant. Defendant subsequently identified such evidence as possibly including allegations of harsh treatment of Padilla, staff changes, and defendant's near bankruptcy. Although the court reserves a final ruling on this motion, evidence of circumstances occurring at defendant's workplace subsequent to plaintiff's termination will be excluded unless the evidence is demonstrated to be relevant to the issues being tried in this action.

**CONCLUSION**

Plaintiff's Motion in Limine [155] is granted in part and denied in part. Defendant's Motions in Limine to Exclude Testimony Regarding Missed Meal and Rest Breaks [156], to Exclude Evidence of Liability Insurance [158], to Exclude Statements of Belief [160], and to Exclude Claim for Reinstatement [169] are granted. Defendant's Motions in Limine to Exclude "Me Too" Evidence [163] and to Exclude Evidence of Dismissed Claims or Other Bad Acts [166] are granted in part and denied in part. Ruling is reserved on defendant's motion to Exclude Evidence of Post-Termination Staff Reorganization [171].

IT IS SO ORDERED.

Dated this  8th  day of July, 2008.

   /s/Ancer L. Haggerty
Ancer L. Haggerty
United States District Judge